IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**EDWARD FRANK HELD, IV**                                                           **PLAINTIFF**

v.                                            CAUSE NO. 1:17-cv-52-LG-RHW

**SHERIFF RICKY ADAM,**
**WARDEN BRANDON ZERINGUE,**
**and CHIEF DAVID ALLEN**                                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## DISMISSING PLAINTIFF'S COMPLAINT

This matter is before the Court, sua sponte, for consideration of dismissal. Plaintiff Edward Frank Held, IV, an inmate of the Mississippi Department of Corrections,[1] brings this pro se Complaint seeking monetary damages and injunctive relief. Held is proceeding in forma pauperis. *See* Order [5]. The named Defendants are Ricky Adam, Sheriff of Hancock County, Mississippi; Brandon Zeringue, Warden of Hancock County Detention Center; and David Allen, Chief of Police for the City of Waveland Police Department. The Court, having liberally construed Held's Complaint and Response [7] in consideration with the applicable law, finds that this case should be dismissed.

---

[1] At the time of filing this action, Held was incarcerated at the Hancock County Detention Center. Held was subsequently moved to the Central Mississippi Correctional Facility and in his latest Notice of Change of Address [9], Held states that he is residing at a halfway house in Jackson, Mississippi.

I.  Facts and Procedural History

On October 28, 2015, when Held was an inmate of the Hancock County Detention Center, he was informed by family members that his home located in the City of Waveland was burglarized and his vehicle was stolen. Held claims that in November of 2015, his brother met a City of Waveland Police Officer at the residence and informed the Officer of the burglary. Held claims the Officer stated that "it would be taken care of" and left the residence. Compl. [1] at 5 (CM/ECF pagination); Resp. [7] at 3.

Held claims that he made oral requests to detention officers and completed grievance forms at the detention center requesting that a police report be filed regarding the burglary and stolen vehicle. Held claims that his requests either went unanswered or he was informed that inmates were not allowed to file police reports.

However, Held also states that in July of 2016, he met with Warden Zeringue about his desire to file a police report and Warden Zeringue set up a meeting between Held and a Hancock County Investigator. Held states that he met with Hancock County Investigator Allison, within two days of his meeting with Warden Zeringue, and that during this meeting, Allison called the Waveland Police Department and spoke to an Investigator. It appears Held left the meeting under the impression that a Waveland Investigator would be coming to the detention center to speak with him. Held states that Allison instructed that Held be brought

back to Allison's office, if "Waveland did not show up . . . to take my report."  Compl. [1] at 7 (CM/ECF pagination).

Held complains that a Waveland Police Officer did not show up to take his report nor was he taken back to Allison's office.  Held also states that "Waveland P.D. Investigators have been contacted via email by Hancock County Safety Complex Administrator Renee Lick numerous times with no response."  Resp. [7] at 3.

In response to the Court's Order [6] directing Held to state how each Defendant violated his constitutional rights, Held essentially restates the facts of his original Complaint and provides some additional factual information.  *See* Resp. [7].  As relief, Held states that he "would like to be reimbursed for all loss" which he estimates to be about $45,000.00, and he would "like to put an end to Hancock County's poetic justice."  Compl. [1] at 4.

II.   Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoners proceeding in forma pauperis, and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Held is proceeding in forma pauperis, his Complaint is subject to the case-screening procedures set forth in 28 U.S.C. § 1915 (e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff "must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States." *Bryant v. Military Dep't of the State of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010). Section 1983 is not a source of substantive rights; it merely provides an avenue to assert rights already in existence. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Id.* (citations omitted).

Held is claiming that alleged inadequacies with the Waveland Police Department's response to the burglary of his home and theft of his vehicle violated his constitutional rights. The Court notes that a "victim of a crime has no constitutionally protected interest in the prosecution or pursuit of a perpetrator" and the "police's decision to pursue a criminal investigation is a discretionary one." *Payne v. Jefferson Parish Sherriff's Dep't.*, No. 14-225, 2014 WL 1154482, *2 (E.D. La. 2014) (citations omitted). It is well-settled that a private citizen does "not have a constitutional right to compel a criminal prosecution." *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) (citations omitted). Therefore, the "decision to file or not file criminal charges" does not give rise to § 1983 liability. *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990). Held is not entitled to relief under § 1983 for the alleged inadequate responses to his request to file a police report or press charges for the burglary of his home and theft of his vehicle.

Held also claims his constitutional rights were violated when his jail grievances were ignored, denied, or not responded to in a timely manner. Although Held complains about the handling of his grievances, it is apparent from his pleadings that Warden Zeringue, Investigator Allison, and Administrator Lick, attempted to assist Held with this issue. Held admits that numerous efforts were made on his behalf to contact the Waveland Police Department about this issue. In any event, Held does not have a federally protected liberty interest in having a prison grievance investigated or resolved to his satisfaction. *Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005). Therefore, Held did not suffer a constitutional violation when his grievances were ignored, denied, or delayed. *Id.*; *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (finding jail's refusal to process inmate's grievances did not violate his constitutional rights). Held's claims related to how his grievances were handled at the Hancock County Detention Center are frivolous. *Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012) (finding inmate's claims regarding grievance process were properly dismissed as frivolous).

III. Conclusion

The Court has considered the pleadings and applicable law. For the reasons stated, this civil action will be dismissed as frivolous. *See id.; Lewis v. Jindal*, 368 F. App'x 613, 614-15 (5th Cir. 2010) (affirming frivolous dismissal of § 1983 action seeking pursuit of criminal charges).

5

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that this dismissal will count as a "strike" in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915 (g).

**SO ORDERED AND ADJUDGED** this the 6th day of December, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE